[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #151 MOTION TO STRIKE
The defendants in the instant action has moved to strike the third, fourth, fifth, sixth, seventh, eighth, and ninth counts of the plaintiffs "Amendment to Complaint P.B. Section 10-44" (Motion 146) for reason that, they fail to state claims upon which relief can be granted.
The defendant asserts that on October 24, 2001, the plaintiff filed a document entitled, "Cover Sheet, Amendment to Complaint, P.B. Section 10-44." The defendants further assert that on or about November 6, 2001, the defendants filed a Request to Revise the aforementioned document by:
1) Deleting the fourth, fifth, sixth, seventh and eighth counts October 24, 2001 Amendment to the Complaint; and
2) Include all counts in a single document; and
3) To state the material facts upon which the plaintiff relied; and
4) To identify the defendant(s) against whom the claims are alleged in counts eight and nine.
On or about March 21, 2002, the Court overruled the plaintiffs objections as to requests 1, 2 and 4 and sustained the objection to request 3.
The defendants assert that the plaintiff did not file a substitute pleading within fifteen days of the decision in accordance with the provisions of § 10-37 (b) of the Practice Book. The defendants go on to assert that: "To date, no revised amended complaint has been filed." In footnote 2 of Motion the defendant says:
Though it is the usual practice to move for non-suit CT Page 1337 when a plaintiff fails to comply with the court's order, see Practice Book § 17-31, Defendants desire a decision on the merits in this case. Thus, Defendants essentially are moving to strike counts that already have been stricken in the sense that they were ordered to be deleted in a newly revised amendment.
Section 25-21 of the Practice Book concerns substitute pleadings after a Motion to Strike has been granted. This section provides that:
 Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the judicial authority may upon motion enter judgment against said party on said stricken complaint or cross complaint.
Section 25-22 of the practice book concerns stricken pleadings. This section provides that:
 Whenever the judicial authority grants a motion to strike the whole or any portion of any pleading or count which purports to state an entire cause of action, and such pleading or portion thereof states or constitutes a part of another cause of action, the granting of that motion shall remove from the case only the cause of action which was the subject of the granting of that motion, and it shall not remove such pleading or count or any portion thereof so far as the same is applicable to any other cause of action.
In the current situation, a judge of the Superior Court has ordered the revision of the subject complaint that did not constitute the entire cause of action. The defendants allege that the plaintiff has not complied with said order.
Section 17-19 of the Practice Book concerns the procedure to be followed when a party fails to comply an order of a judicial authority. It provides that:
If a party fails to comply with an order of a CT Page 1338 judicial authority or a citation to appear or fails without proper excuse to appear in person or by counsel for trial, the party may be nonsuited or defaulted by the judicial authority.
The defendants' remedy for the plaintiffs failure to comply with the Court order is to move that a nonsuit be entered against the plaintiff, not a second Motion to Strike. The Motion to Strike is therefore denied.
___________________ Richard A. Robinson January 19, 2003 CT Page 1339